UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Richard E. Spriggs,

|  |  |  |
|---|---|---|
| | Plaintiff, | |
| -v.- | | 5:04-CV-00644 (NPM) |

The Honorable Les Brownlee, Acting
Secretary of the Army, and Retired
Colonel Robert G. Morris, in his official
capacity as Installation Commander,
Fort George G. Meade, Department of
the Army, and in his individual capacity,

Defendants.

---

Jacqueline L. Spriggs,

|  |  |  |
|---|---|---|
| | Plaintiff, | |
| -v.- | | 5:04-CV-00968 (NPM) |

The Honorable Les Brownlee, Acting
Secretary of the Army,

Defendant.

---

Richard E. Spriggs,

|  |  |  |
|---|---|---|
| | Plaintiff, | |
| -v.- | | 5:04-CV-01064 (NPM) |

The Honorable Les Brownlee, Acting
Secretary of the Army,

Defendant.

---

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFFS:

Richard E. Spriggs, *pro se*
Jacqueline L. Spriggs, *pro se*
7651 State Street
Auburn, New York 13021

FOR DEFENDANTS:

HON. GLENN SUDDABY                    Paula Ryan Conan, Esq.
United States Attorney                      Assistant United States Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton St.
Syracuse, NY 13261-7198


Neal P. McCurn, Senior District Judge

## MEMORANDUM, DECISION AND ORDER

### I.    Introduction

Presently before the court are motions to dismiss two actions filed by
Richard E. Spriggs ("Mr. Spriggs"), and one action filed by his wife,  Jacqueline
L. Spriggs ("Mrs. Spriggs") (collectively, "Plaintiffs"), both former civilian
employees of the United States Army.  See 5:04-CV-0644, 5:04-CV-1064, and
5:04-CV-0968, respectively.  The Honorable Les Brownlee, Acting Secretary of
the Army ("the Army"), defendant to all three actions, seeks dismissal of same for
improper venue pursuant to Fed R. Civ. P. 12(b)(3).  Retired Army Colonel Robert
G. Morris ("Col. Morris"), defendant only to Mr. Spriggs' first action, joins the
Army's Rule 12(b)(3) motion to dismiss same, and further seeks dismissal of the
claims against him for failure to state a claim upon which relief can be granted
pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiffs oppose.

## II.     Procedural Background

Plaintiffs, each appearing pro se, allege that they were discriminated against based on race, disability, age and reprisal on multiple occasions while working at the U.S. Army Installation at Fort George G. Meade, Maryland ("Ft. Meade") beginning in 1993 and culminating in both his and her removal from federal employment on April 10,1999 after a lengthy period of medical absence, allegedly due to stress related illnesses resulting from said discriminatory practices.  In his first action, originally filed in June 2004, Mr. Spriggs asserts claims against the Army and Col. Morris under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e, et seq. ("Title VII"), the Whistleblower Protection Act of 1989, 5 U.S.C. § 2302, et seq., the Age Discrimination Act, 29 U.S.C.A. § 621, et seq. ("ADEA"), the Rehabilitation Act of 1973, 29 U.S.C. § 791, et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").  Also in his first action, Mr. Spriggs asserts the common law claims of Intentional Infliction of Emotional Distress ("IIED") and Negligent Infliction of Emotional Distress ("NIED") solely against Col. Morris.  In August 2004, Mrs. Spriggs filed a complaint against the Army setting forth six causes of action for violations of the Whistleblower Protection Act, Title VII, the ADEA, the Rehabilitation Act, the ADA, and the Civil Service Reform Act of 1978, 5 U.S.C. § 1101 et seq. ("CSRA").  Shortly thereafter, the Army and Col. Morris (collectively, "Defendants") moved this court for the dismissal of Mr. Spriggs first action.  In September 2004, Mr. Spriggs filed a second action seeking review of a decision by the Merit Systems Protection Board ("MSPB") regarding his removal from federal employment, which was issued subsequent to the filing of his first action.  In his second action, Mr. Spriggs sets forth six causes of action solely against the Army

3

alleging violations of the Whistleblower Protection Act, Title VII, the ADEA, the Rehabilitation Act, the Due Process clause of the Fourteenth Amendment to the United States Constitution, and the CSRA.  Plaintiffs seek monetary damages only.

In November 2004, Defendants requested that Plaintiffs' three actions be consolidated.  In the interest of judicial economy, the court determined to treat these actions as companion cases, to be tried together in the event such is required.  Thereafter, the Army filed its motion to dismiss Mrs. Spriggs' claims against it as well as the claims set forth in Mr. Spriggs' second action.

## III.   Factual Background

### A.   Mr. Spriggs' First Action, 5:04-CV-0644

The following facts were set forth in Mr. Spriggs' Amended Complaint, unless otherwise noted, and are accepted as true for purposes of deciding the pending motion.

Beginning in 1993, Mr. Spriggs was a civilian employee of the United States Army working as the head of the Directorate of Logistics at Ft. Meade, Maryland.  Col. Morris was the Installation Commander at Ft. Meade during the period 1993 through 1995, while Mr. Spriggs was also employed there. Mr. Spriggs is a Caucasian male, and Col. Morris is an African American male. See id. ¶¶ 1, 6.

Mr. Spriggs made a complaint to the Army's Inspector General in early 1994 and wrote to the Office of Special Counsel ("OSC") in July 1994 regarding racially motivated disputes between himself and Col. Morris.  On December 13, 1994, Mr. Spriggs "blew the whistle" on Col. Morris for utilizing government facilities and employees in order to have his personal vehicle repaired.  Am.

Compl. ¶ 17.  In retaliation for same, Col. Morris embarked on several unfounded investigations of Mr. Spriggs, created a hostile work environment, overrode Mr. Spriggs' personnel decisions, and spread  rumors among other base personnel that Mr. Spriggs was a racist.

In March 1996, Mr. Spriggs left work, and on April 10, 1999, his federal employment was terminated.  Mr. Spriggs initiated two  complaints with the Equal Employment Opportunity Commission ("EEOC") on May 13, 1996, claiming ongoing discrimination and retaliation.  The present civil action was commenced within 90 days of Mr. Spriggs having received notice of final action from the EEOC.  Mr. Spriggs' challenge to his April 1999 removal from federal service, however, was still pending before the Merit Systems Protection Board ("MSPB") at the time this civil action was commenced.

According to Defendants, the Army's administrative records pertaining to Mr. Spriggs' allegations in these actions were created and are maintained at Ft. Meade, including Mr. Spriggs' employment records relevant to this case.  <u>See</u> Decl. of David G. Barrett, August 23, 2004, ¶¶ 4, 5 ("Barrett Decl.").  In his reply papers, Mr. Spriggs asserts that he has maintained in his possession copies of all relevant documentation, and that the official federal records of his employment now reside in the Federal Records Personnel Center in St. Louis, Missouri and/or the Office of Workers' Compensation Programs ("OWCP") in New York City. Plaintiffs reside together in Auburn, New York, and Mr. Spriggs contends that the medical records relating to Mrs. Spriggs' and his mental illnesses are located with their respective physicians in the Northern District of New York.

**B.    Mr. Spriggs' Second Action, 5:04-CV-1064**

The following facts are set forth in Mr. Spriggs' complaint to his Second

Action ("the Complaint"), and are accepted as true for purposes of deciding the pending motion.  The Complaint was filed upon receipt of a final order from the MSPB regarding Mr. Spriggs' challenge to his April 1999 removal from federal service.  Said final order is filed as an attachment to the Complaint.  An administrative law judge at the MSPB issued a decision upholding Mr. Spriggs' removal from service, and Mr. Spriggs thereafter filed a petition for review of same.  On August 12, 2004, the MSPB denied Mr. Spriggs' petition, asserting that no new evidence had been provided, and no harmful errors were made by the administrative judge.  Mr. Spriggs filed this timely civil action pursuant to 5 U.S.C. § 7703(b)(2).

> ### C.    Mrs. Spriggs' Action, 5:04-CV-0968

Mrs. Spriggs brings this action based on essentially the same series of events laid out in Mr. Spriggs' first action.  Mrs. Spriggs alleges that the Army violated her rights under the Whistleblower Protection Act, Title VII, the ADEA, the Rehabilitation Act, the ADA, and the ADEA, and that it retaliated against her for petitioning Congress in violation of 5 U.S.C. § 7211.  Mrs. Spriggs brings her claims before this court for judicial review upon receipt of a final decision from the EEOC that she had no further right of administrative appeal.

## III.    Analysis

At the outset, the court notes that it is mindful of the well-established principle that pro se complaints are to be construed liberally, see Phillips v. Girdich, 408 F.3d 124, 127-28 (2d Cir.2005); Tapia-Ortiz v. Doe, 171 F.3d 150, 152 (2d Cir.1999) (per curiam), and dismissal on the pleadings never is warranted unless the plaintiff's allegations are doomed to fail under any available legal theory, see Warren v. District of Columbia, 353 F.3d 36, 37 (D.C.Cir.2004).  See

also Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).  As limited as the requirements are for a complaint drafted by competent counsel, pro se complaints are held to an even lower standard.  See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam).  Accordingly, a pro se action should not be dismissed unless "it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations." Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir.1997).  The Second Circuit has further instructed that, when reviewing pro se submissions, a district court should look at them "with a lenient eye, allowing borderline cases to proceed." Fleming v. United States, 146 F.3d 88, 90 (2d Cir.1998) (per curiam) (internal quotation marks omitted).

A.      Claims Against Col. Morris

Col. Morris seeks dismissal of the claims against him, arguing first that as a government employee or supervisor, he may not be found individually liable under Title VII, the ADEA, the Rehabilitation Act or the ADA.  In addition, Col. Morris argues that no claims pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971) ("Bivens") may lie against him since the CSRA provides a remedy for constitutional violations.  Finally, Col. Morris contends that Mr. Spriggs' state common law claims against him must be dismissed because they are barred by the Federal Tort Claims Act, 28 U.S.C. § 2679 ("FTCA").  The court will address each of these arguments separately.

1.      Rule 12(b)(6) Standard

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief." Freedom Holdings, Inc. v. Spitzer, 357
F.3d 205, 216 (2d Cir. 2004), quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78
S.Ct. 99, 102 (1957).  When reviewing a Rule 12(b)(6) motion, this court must
accept the allegations of fact in plaintiff's complaint as true, drawing all
reasonable inferences in his favor.  Freedom Holdings, 357 F.3d at 216, citing
Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994).  The court will consider,
in addition to allegations of fact set forth in the complaint, any exhibits attached
thereto or documents it incorporates by reference, see Blue Tree Hotels, Inv.
(Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212,
217(2d Cir. 2004), or "documents that the plaintiff[] either possessed or knew
about and upon which [he] relied in bringing the suit," Rothman v. Gregor, 220
F.3d 81, 88 (2d Cir. 2000).

### 2.    Title VII, ADEA, Rehabilitation Act and ADA Claims

Counts I through V of Mr. Spriggs' Amended Complaint set forth claims for
violations of Title VII, the ADEA, the Rehabilitation Act and the ADA.

Title VII, the ADEA, and the Rehabilitation Act provide the exclusive
remedy for a federal employee, or a former federal employee, suing for
employment discrimination based on, as is alleged here, race, age and disability.
See Mitchell v. Chao, 358 F.Supp.2d 106, 111 (N.D.N.Y. 2005), citing Brown v.
General Services Administration, 425 U.S. 820, 835, 96 S.Ct. 1961 (1976) (Title
VII); Id. at 112, citing Ray v. Nimmo, 704 F.2d 1480, 1485 (11th Cir. 1983)
(ADEA); Plautz v. Potter, 156 Fed.Appx. 812, 815, No. 04-6105, 2005 WL
3479840,at *3 (6th Cir. Dec. 21, 2005) (Rehabilitation Act, not ADA, is the
exclusive remedy for federal employees); Calero-Cerezo v. United States Dept. of
Justice, 355 F.3d 6, 11 n. 1 (1st Cir. 2004) (ADA not available to federal

employees); <u>Schafer v. Wadman</u>, No.92 Civ. 2989, 1992 WL 350750, at *3 (S.D.N.Y. Nov. 17, 1992) (same).[1]

The Second Circuit has held that "individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII." <u>Tomka v. Seiler Corp.</u>, 66 F.3d 1295 (2d Cir. 1995) (abrogated on other grounds). The same is true under the ADEA and the Rehabilitation Act. <u>See</u> <u>Torres v. U.S. Dept. of Veteran Affairs</u>, No. 02-Civ.-9601, 2004 WL 691237, at *2 (S.D.N.Y. Mar. 31, 2004), <u>citing</u> <u>Matthews v. United States Postal Serv.</u>, No. 87-CV-1282, 1989 WL 14684, at *4 (N.D.N.Y. Feb.23, 1989); <u>Murphy v. Board of Educ. of Rochester City School Dist.</u>, 273 F.Supp.2d 292, 326 (W.D.N.Y. 2003), <u>citing</u> <u>Garcia v. S.U.N.Y. Health Sciences Center</u>, 280 F.3d 98 (2d Cir.2001). As such, the only proper defendant to Mr. Spriggs' Title VII, ADEA and Rehabilitation Act claims is the Army, not Col. Morris.

### 2. *Bivens* Claims

In his Amended Complaint, Mr. Spriggs states that he is seeking relief under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971), which allows citizens to file damages claims for constitutional violations committed by federal agents. <u>See</u> <u>Bivens</u>, 403 U.S. at 402. Defendants correctly argue that a <u>Bivens</u> claim is not available where Congress has supplied an administrative mechanism, such as the CSRA, to provide relief for such claims. <u>See</u> <u>Schweiker v. Chilicky</u>, 487 U.S. 412, 423, 108 S.Ct. 2460 (1988); <u>Bush v. Lucas</u>, 462 U.S. 367, 369, 103 S.Ct. 2404 (1983). The

---

[1] The court will, therefore, construe Mr. Spriggs' ADA and Rehabilitation Act claims as one individual cause of action, and will do the same for Mrs. Spriggs' ADA and Rehabilitation Act claims.

CSRA provides a remedy for the tort claims set forth by Mr. Spriggs in his Amended Complaint.  Mr. Spriggs avails himself of said remedies by invoking the CSRA.  As such, the Court finds that to the extent Mr. Spriggs alleges any constitutional violations against Col. Morris, the CSRA precludes any monetary remedy for same under <u>Bivens</u>, and therefore, said claim or claims must be dismissed.

### 3.  Common Law Tort Claims

In Counts VI and VII of his Amended Complaint, Mr. Spriggs alleges the common law torts of IIED and NIED against Col. Morris.

The Federal Tort Claims Act ("FTCA") 28 U.S.C. § 2679, provides specific guidance in this matter.  First, immunity from individual liability is established in § 2679(b)(1) as follows:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1).  It has not been disputed that Col. Morris was acting within the scope of his employment as Installation Commander at Ft. Meade when the claimed violations of Mr. Spriggs' civil rights occurred, and as such, this section is applicable to the immediate question of individual liability.

The FTCA provides further clarification as follows:

[The provision in § 2679(b)(1) ] does not extend or apply to a civil

> action against an employee of the Government--(A) which is brought
> for a violation of the Constitution of the United States, or (B) which
> is brought for a violation of a statute of the United States under which
> such action against an individual is otherwise authorized.

28 U.S.C. §2679(b)(2). Mr. Spriggs' IIED and NIED causes of action, as common

law tort claims, are governed by state law and do not qualify under either of the

exceptions to the FTCA for individual liability. They are neither federal

constitutional nor statutory claims, and therefore cannot be brought against Col.

Morris individually. Further, as Col. Morris is the only named defendant in these

two claims, they must be dismissed from the action altogether.

### 4.  The Whistleblower Protection Act Claim

Count I of the Amended Complaint sets forth Mr. Spriggs' allegation that

Defendants retaliated against him in violation of the Whistleblower Protection

Act. The CSRA, as amended by the Whistleblower Protection Act, governs claims

for retaliation against whistleblowing activities brought by federal employees

against their federal employers. Specifically, the Act provides that:

> Any employee who has the authority to take, direct others to take,
> recommend, or approve any personnel action, shall not, with respect
> to such authority ... take or fail to take, or threaten to take or fail to
> take, a personnel action with respect to any employee ... because of ...
> any disclosure of information by an employee or applicant which the
> employee or applicant reasonably believes evidences (i) a violation of
> any law, rule, or regulation, or (ii) gross mismanagement, a gross
> waste of funds, an abuse of authority, or a substantial and specific
> danger to the public health or safety [...].

5 U.S.C. § 2302(b). Mr. Spriggs alleges Col. Morris embarked on several

unfounded investigations, created a hostile work environment, overrode Mr.

Spriggs' personnel decisions, and spread  rumors among other base personnel that

Mr. Spriggs was a racist, in retaliation for his whistleblowing activity relating to

11

Col. Morris' use of government facilities and employees for his personal and financial benefit.  The court, however, need not decide whether these acts constitute "personnel actions" as defined by the CSRA.  Challenges to such personnel actions must first be raised with the OSC, and then appealed, if at all, to the MSPB.  See 5 U.S.C. § 1214(a)(1)(A); Ghaly v. U.S. Dept. of Agriculture, 228 F.Supp.2d 283, 288 (S.D.N.Y. 2002).  Only after an employee has exhausted these administrative remedies may he see judicial review, and then he may do so only before the Court of Appeals for the Federal Circuit.  See 5 U.S.C. § 1214(c)(1); Ghaly, 228 F.Supp.2d at 288.  In the event an employee is seeking judicial review of a discrimination claim coupled with a nondiscrimination claim, such an action may be filed in an appropriate district court.  See 5 U.S.C. § 7703(c)(1)-(3); Williams v. McCausland, 791 F.Supp. 992, 998 (S.D.N.Y. 1992).  Here, Mr. Spriggs brought his retaliation claim to this court for judicial review before receiving a final decision from the MSPB.  Because Mr. Spriggs failed to exhaust his administrative remedies regarding his retaliation claim, the court, *sua sponte*, dismisses the Whistleblower Protection Act claim set forth in Count I of the Amended Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

Accordingly, the court grants Defendants' motion to dismiss Mr. Spriggs' first action against Col. Morris as to all claims except the Whistleblower Protection Act claim, which the court dismisses, *sua sponte*, for lack of subject matter jurisdiction.

### B.  Claims Against the Army

Defendants seek dismissal of the remaining claims against the Army, set forth in both of Mr. Spriggs' actions as well as Mrs. Spriggs' single action, for

improper venue pursuant to Fed. R. Civ. P. 12(b)(3).  In the alternative, Defendants ask that all three actions be transferred to the District of Maryland where venue is proper, pursuant to 28 U.S.C. § 1406(a).

When addressing a Rule 12(b)(3) motion to dismiss, the court must accept as true all of the allegations in plaintiff's complaint and construe all reasonable inferences in plaintiff's favor. See Dolson v. New York Thruway Auth., No. 00-CV-6439, 2001 WL 363032, at *1 (S.D.N.Y. Apr.11, 2001).  However, in defending against such a motion, plaintiff bears the burden of proving that venue is proper. See id. When deciding a motion to dismiss for improper venue, courts may consider materials outside the pleadings. See Brennen v. Phyto-Riker Pharm., Ltd., 01-CV-11815, 2002 WL 1349742, *1 n. 2 (S.D.N.Y. Jun. 20, 2002), citing New Moon Shipping Co., Ltd. v. MAN B & W Diesel AG, 121 F.3d 24, 26 (2d Cir.1997).  Should the defendant prevail on its motion, the court still retains discretion to decline to dismiss the case in favor of a transfer to any district where the case could initially have been brought.  See id., citing Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir.1993).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  In the first instance, Defendants move to dismiss all three companion actions on the ground that venue is improper in the Northern District of New York under Title VII.   The applicable venue provision of Title VII states, in pertinent part, that any action brought pursuant to said statute:

> may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such

> practice are maintained and administered, or in the judicial district in
> which the aggrieved person would have worked but for the alleged
> unlawful employment practice, but if the respondent is not found
> within any such district, such an action may be brought within the
> judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).  As the Rehabilitation Act expressly adopts the
"remedies, procedures and rights" available under Title VII, see 29 U.S.C. §
794a(a)(1), claims brought pursuant to the Rehabilitation Act are also subject to
the venue provision of Title VII, see Bolar v. Frank, 938 F.2d 377, 378 (2d Cir.
1991).

Defendants contend Plaintiffs cannot satisfy the venue provision under Title
VII because the allegedly unlawful employment practice took place in Maryland,
and the relevant employment records are located in Maryland.  As such,
Defendants conclude that venue is not proper in this district and therefore, all three
companion actions must be dismissed.  Plaintiffs argue in opposition that the
injuries they sustained as a result of the alleged unlawful employment practices at
issue, in other words, their removal from federal service, occurred in this judicial
district, as they resided in Auburn, New York when they suffered the shock of
learning of their respective terminations.  Further, Plaintiffs argue that (1) their
official records are maintained in a federal storage facility in St. Louis, Missouri
and/or the OWCP in New York City, (2) their personal copies of the relevant
records are stored at their home in Upstate New York, and (3) the relevant medical
records are located with physicians in the Northern District of New York.  Finally,
Plaintiffs assert that, but for the alleged discrimination, they may have worked in
New York because they could have resumed employment anywhere the Army
maintains facilities, including Fort Drum in Northern New York State.  Plaintiffs
contend this argument is bolstered by the fact that they are each from Northern

14

New York and each began their Army career at Fort Drum, where they remained
for 10 years.  Therefore, Plaintiffs maintain that venue is proper in the Northern
District of New York under the venue provision of Title VII.

Initially, the court concludes that the judicial district in which the unlawful
employment practice is alleged to have been committed is the District of
Maryland.  It is not certain whether venue would be proper in the district where a
plaintiff alleges he sustained injuries from an unlawful employment practice.
Even if that is the case, while Plaintiffs here base their claims against the Army in
part on their respective terminations from federal service, the majority of their
allegations of race and disability discrimination stem from events which occurred
while they were employed at Ft. Meade.  Therefore, venue would be proper on this
basis in the District of Maryland, not the Northern District of New York.

Next, the court will address the parties' arguments regarding the judicial
district in which the employment records relevant to such practice are maintained
and administered.  Defendants have submitted the declaration of David G. Barrett,
an Agency Labor Counselor for the Army Staff Judge Advocate, in support of
their position.  Mr. Barrett asserts that the Army's administrative records
pertaining to Mr. Spriggs' allegations in this case as well as his relevant
employment records were created and are maintained at Ft. Meade, Maryland.  See
Decl. of David G. Barrett, Aug. 23, 2004.  Mr. Spriggs has not submitted any
evidence to counter Mr. Barrett's declarations, aside from Plaintiffs' allegations in
their pleadings and reply papers.  While Plaintiffs may rely on the facts in their
pleadings to respond to a motion to dismiss for improper venue, they may only do
so insofar as those facts are not controverted by Defendants' declaration.  As such,
the court must rely on Mr. Barrett's declaration, which sufficiently establishes

proper venue in the District of Maryland.  See Pierce v. Shorty Small's of Branson, Inc., 137 F.3d 1190, 1192 (10th Cir. 1998).  Plaintiffs' contention that they possess copies of their employment records is not in dispute.  However, the statutory language of 42 U.S.C. § 2000e-5(f)(3) refers to the place where the relevant employment records are maintained and administered.  While the employee, legal counsel, and various government agencies may each possess copies of said employment records, the statutory language refers to the official location where such documentation is maintained.  If the statute were read to include personal copies, it would defeat the venue limitations set forth by Congress.  Under such an interpretation, any plaintiff could transport copies of their employment records to the district of their choice and assert proper venue.  Further, regarding Plaintiffs' assertion that venue is proper because the relevant medical records are maintained by medical professionals in this judicial district, the court refers again to the language of Title VII, which finds venue proper where the employment records are maintained, but contains no such provision for medical records.  See § 2000e-5(f)(3).  Therefore, venue would also be proper in the District of Maryland because that is where Plaintiffs' employment records are maintained and administered.

Finally, the court gives little weight to Plaintiffs' argument regarding the district were Plaintiffs would have been employed but for the unlawful employment practice.  Plaintiffs' assertion that they could have worked anywhere the Army maintains facilities, and because of their residential and employment backgrounds, they would have been employed at Fort Drum, is tenuous.  Here, Plaintiffs allege they were unlawfully terminated.  As such, they would still be employed at Ft. Meade but for the unlawful termination.  See El v. Belden, 360

F.Supp.2d 90, 93 (D.D.C. 2004).  Therefore, venue is proper in the District of Maryland on this basis as well.

In summary, almost all aspects of the allegations underlying these claims are directly related to events, documents, and persons located in Maryland.  The allegedly unlawful employment practices took place at Ft. Meade.  Further, all of the relevant employment records are located in Maryland, or at the federal storage facility in St. Louis.  Finally, but for Plaintiffs' allegedly unlawful termination, they would still be employed at Ft. Meade.  The Court concludes, therefore, that the District of Maryland, not the Northern District of New York, is the proper venue for Plaintiffs' Title VII and Rehabilitation Act claims.

Plaintiffs' remaining claims are asserted under the Whistleblower Protection Act and the ADEA, neither of which have independent venue provisions.  To be sure, the Whistleblower Protection Act claims may only be heard in a district court as part of a "mixed case" where the MSPB's decision regarding a plaintiff's discrimination and nondiscrimination claims are being challenged together.  See 5 U.S.C. § 7703(c)(1)-(3); Williams, 791 F.Supp. at 998.  Thus, here, the court will only have subject matter jurisdiction over the Whistleblower Protection Act claims if they are being brought in conjunction with Plaintiffs' Title VII claims.  The court need not decide this issue at present.

In any event, the ADEA and Whistleblower Act claims are governed by the general venue provisions of 28 U.S.C. § 1391(e), which provides that in civil actions where the United States or an agency thereof is a defendant, venue is proper "in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the

plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e). For these claims, venue is proper in either the District of Maryland, which satisfies the first two provisions, or in the Northern District of New York, which satisfies the third.  Therefore, the court may either elect to retain the ADEA and Whistleblower Act claims, or it may exercise its discretion to transfer them to the District of Maryland, where they might have been brought.  See 42 U.S.C. § 1404(a).

The court may only retain the Title VII and Rehabilitation Act claims, however, if it recognizes pendent venue over them.  Although generally venue must be established for each claim in a complaint, courts may exercise pendent venue when two or more claims amount to a single cause of action with two grounds for relief.  See Lengacher v. Reno, 75 F. Supp. 2d 515, 518 (E.D.Va. 1999).  District courts in this circuit have used two different approaches to decide whether to exercise pendent venue, one in which the specific venue provision controls, and the other in which the venue provision applicable to the primary claim controls.  See Cook v. UBS Financial Services, Inc., No. 05-Civ.-8842, 2006 WL 760284, at *5 (S.D.N.Y. Mar. 21, 2006), citing Garrel v. NYLCare Health Plans, Inc., No. 98-Civ.-9077, 1999 WL 459925, at *5 (S.D.N.Y. June 29, 1999). Here, under either approach, the court cannot exercise pendent venue of the Title VII and Rehabilitation Act claims at issue here.  The specific venue provision of Title VII dictates that the District of Maryland is the proper venue.  Moreover, the "primary" claim or claims here are for employment discrimination based on disability and race pursuant to Title VII.  Therefore, the Title VII and Rehabilitation Act claims must be dismissed or transferred to the District of Maryland.

In deciding a motion to dismiss for improper venue, the court has discretion to determine whether dismissal or transfer is appropriate.  See Minnette, 997 F.2d at 1026.  Here, Defendants seek dismissal of all three actions in the first instance, and in the alternative, request that the actions be transferred together to the District of Maryland.  The court may consider the following factors when deciding whether a transfer is appropriate pursuant to § 1404(a):

> [T]he convenience to parties; the convenience of witnesses; the relative ease of access to sources of proof; the availability of process to compel attendance of unwilling witnesses; the cost of obtaining willing witnesses; practical problems that make trial of a case easy, expeditious, and inexpensive; and the interests of justice.

Meteoro Amusement Corp. v. Six Flags, 267 F.Supp.2d 263, 279 (N.D.N.Y. 2003), citing Vassallo v. Niedermeyer, 495 F.Supp. 757, 759 (S.D.N.Y. 1980). Here, Plaintiffs argue that health and financial considerations will make it impossible for them to litigate their claims in any district but the Northern District of New York.  Further, they note that most of the witnesses to be called at trial do not reside in the District of Maryland.  In fact, all of their medical witnesses are located in the Northern District of New York.  While the court sympathizes with Plaintiffs' hardship, it nonetheless is bound to follow the law, which requires at the very least,  a transfer as opposed to dismissal of their Title VII and Rehabilitation Act claims.  It is clear to the court that here, "the most efficient and sensible result is not a non-prejudicial dismissal of one claim, but rather transfer" to the District of Maryland, where venue would be proper for all of the Plaintiffs' claims.  See Lengacher, 75 F. Supp. 2d at 519.

Therefore, in the interest of justice, the three companion cases are transferred to the District of Maryland, where venue is proper.

**III.   Conclusion**

It is hereby ORDERED that defendant, Colonel Robert E. Morris' motion to dismiss all of the claims against him by plaintiff, Richard E. Spriggs, set forth in civil action number 04-CV-644, pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED, except as to the Whistleblower Protection Act claim set forth in Count I of the Amended Complaint, which is DISMISSED by the court, sua sponte, for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1); and it is further

ORDERED that defendant, Honorable Les Brownlee's motion to dismiss all of the claims against him by plaintiff, Richard E. Spriggs, set forth in civil action number 04-CV-644, and civil action number 04-CV-1064, and by plaintiff Jacqueline L. Spriggs, set forth in civil action number 04-CV-968, pursuant to Fed. R. Civ. P. 12(b)(3) is DENIED; and it is further

ORDERED that defendant, Honorable Les Brownlee's motion to transfer venue of all of the claims against him by plaintiff, Richard E. Spriggs, set forth in civil action number 04-CV-644, and civil action number 04-CV-1064, and by plaintiff Jacqueline L. Spriggs, set forth in civil action number 04-CV-968, to the District of Maryland is GRANTED.

The Clerk of the Court is hereby directed to close civil case numbers 04-CV-644, 04-CV-968 and 04-CV-1064, and transfer said cases to the District of Maryland in accordance with this Memorandum, Decision and Order.

IT IS SO ORDERED.


DATED:      May 9, 2006
                 Syracuse, New York                    _____
                                                                         Neal P. McCurn
                                                                         Senior  U.S. District Judge

20